# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6902 | **DATE** | 12/8/2011 |
| **CASE TITLE** | Jordan vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion in limine #1, grants in part and denies in part Plaintiff's motion in limine #2, and denies Plaintiff's motions in limine #3 and #4 [93].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Bianca Jordan, as guardian of Delbert Van Allen, a minor, brought this lawsuit based on an October 31, 2008 incident at 6922 South Aberdeen Street in Chicago, Illinois involving Defendant Chicago Police Officers O'Shaughnessy and Rigan and the shooting of Van Allen. (R. 50, Amend. Compl. ¶¶ 9-12.) Plaintiff brings excessive force, false arrest, malicious prosecution, and battery claims. Before the Court are Plaintiff's motions in limine #1 through #4. For the following reasons, the Court, in its discretion, grants Plaintiff's motion in limine #1, grants in part and denies in part Plaintiff's motion in limine #2, and denies Plaintiff's motions in limine #3 and #4.

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In limine rulings avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers,* 642 F.3d 588, 594 (7th Cir. 2011). Regardless of the Court's initial ruling on a motion in limine, the Court may adjust its ruling during the course of trial. *See Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006). The Court will only grant a motion in limine when the evidence is clearly inadmissable for any purpose. *See Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997); *Thakore v. Universal Mach. Co. of Pottstown, Inc.,* 670 F.Supp.2d 705, 714 (N.D. Ill. 2009). The moving party bears the burden of establishing that the evidence is not admissible for any purpose. *See Mason v. City of Chicago,* 631 F.Supp.2d 1052, 1056 (N.D. Ill. 2009).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

I.      **Evidence of Prior Contact with Police**

In Plaintiff's motion in limine #1, she seeks to exclude all evidence of prior contact that Van Allen and Vince Hinton – an eyewitness to Van Allen's arrest – had with any police department prior to the October 31, 2008 incident at issue in this lawsuit. Specifically, Van Allen was arrested on August 29, 2007 for criminal trespass to land and Hinton has been arrested on three occasions, including an arrest for possession of an unregistered gun. Van Allen and Hinton were not convicted of any charges.

Arrests, standing alone, are generally inadmissible for impeachment purposes. *See United States v. Sanchez,* No. 07 CR 0149, 2009 WL 5166230, at *9 (N.D. Ill. Dec. 22, 2009) ("arrests absent convictions and convictions for minor offenses, standing alone, are generally not admissible for impeachment."). Also, Van Allen was a juvenile when he was arrested for trespass and juvenile adjudications are not admissible under Rule 609(d). *See Lenard v. Argento*, 699 F.2d 874, 895 (7th Cir. 1983). Hinton's first arrest is at least fifteen years old and the charge was dismissed. *See* Fed.R.Evid. 609(b); *Cobige v. City of Chicago, Ill.,* 651 F.3d 780, 784 (7th Cir. 2011) ("convictions that occurred more than ten years before the date of trial ordinarily may not be used 'for the purpose of attacking the character for truthfulness of a witness') (citation omitted). Hinton's second arrest was in 2003 and was also dismissed and there is little evidence in the record about Hinton's 2006 arrest. Meanwhile, Defendant Officers' argument that these arrests show bias against police officers is unavailing because "taken to its logical conclusion, [D]efendants' argument suggests that the entire criminal arrest and conviction record of any plaintiff that ever sued a police officer would be admissible to show a potential bias." *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 WL 1557542, at *3 (N.D.Ill. Apr. 25, 2011).

More importantly, Defendants fail to give a cogent explanation why this evidence is probative, and thus Van Allen's and Hinton's prior arrests are inadmissible because the danger of unfair prejudice substantially outweighs what little probative value these arrests have. *See* Fed.R.Evid. 403; *see, e.g., Cruz v. Safford,* 579 F.3d 840, 845 (7th Cir. 2009); *Young v. County of Cook,* No. 06 C 0552, 2009 WL 2231782, at *6 (N.D. Ill. July 27, 2009). Specifically, the jury may use the evidence of these prior arrests to conclude that Van Allen and Hinton are "bad" people. *See United States v. Chambers,* 642 F.3d 588, 594 (7th Cir. 2011) ("Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented."). In short, there is a real danger that the jury will reject Van Allen's claims based on conduct that has nothing to do with the events in question. *See Gora v. Costa,* 971 F.2d 1325, 1331 (7th Cir. 1992) ("courts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her."). Therefore, the Court grants Plaintiff's motion in limine #1.

II.     **Evidence of Alcohol and Marijuana Use**

Next, Plaintiff seeks to bar evidence that Van Allen had consumed or was under the influence of alcohol and/or marijuana at any time during his life. There are two distinct issues under the circumstances – Van Allen's drug and alcohol use on the day in question and Van Allen's prior drug and alcohol use. First, a urine sample taken at 10:40 p.m. on the night of the occurrence that showed detectable levels of alcohol, marijuana, and opiates in Van Allen's system, and Van Allen testified at his deposition that he had consumed "some" vodka three hours before the occurrence. Whether Van Allen was intoxicated or impaired at the time of the shooting is relevant. *See generally Common v. City of Chicago,* ___ F.3d ___, 2011 WL 4975602, at 2 (7th Cir. Oct. 20, 2011); *Palmquist v. Selvick,* 111 F.3d 1332, 1341-42 (7th Cir. 1997); *Sherrod v. Berry,* 856 F.2d 802, 806 (7th Cir. 1988) (en banc). Courts in this district, for example, have concluded that evidence of a plaintiff's impairment is relevant to his excessive force claim because it goes to how the plaintiff interacted with the defendant police officers and whether the officers' use of force was reasonable. *See Smith v. Hunt,* No. 08 C 6982, 2011 WL 9737, at *2 (N.D. Ill. Jan. 3, 2011) (collecting cases). As such, Van Allen's admission that he drank "some" vodka

three hours before the incident and that his toxicology report from the evening in question detected alcohol and drugs in his system is useful to the jury in determining whether Defendant Officers' use of force was reasonable under the totality of the circumstances. *See Smith,* 2011 WL 9737 at *3.

Nonetheless, Plaintiff argues that the toxicology screen is not necessarily accurate because it does not indicate levels of the substance detected, but merely indicates cutoff values. Plaintiff also posits that the medical professionals attending Van Allen's gunshot wounds could have administered the opiates found in Van Allen's toxicology screen. These factual arguments do not change the Court's analysis under established law, although Plaintiff may make these arguments to the jury. The Court therefore denies Plaintiff's motion in limine #2 in this respect.

Second, Van Allen's prior drug use may be "admitted insofar as it relates to his possible inability to recollect and relate." *United States v. Gallardo,* 497 F.3d 727, 733 (7th Cir. 2007). "There is, however, 'considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony.'" *Id.* (citation omitted). Put differently, although "[e]vidence that a witness has used illegal drugs may be probative of the witness' possible inability to recollect and relate," *see Kunz v. DeFelice,* 538 F.3d 667, 676-77 (7th Cir. 2008), district courts may reject any such cross-examination "where memory or mental capacity is not legitimately at issue and the evidence is offered solely as a general character attack." *United States v. Mojica,* 185 F.3d 780, 789 (7th Cir. 1999). In sum, Van Allen's memory or mental capacity must be legitimately at issue before Defendant Officers can offer prior drug and alcohol use to attack Van Allen's credibility. *See id.* at 788-89. Therefore, the Court grants Plaintiff's motion in limine – without prejudice – in this regard. If Defendants seek to elicit any such testimony, they must first front the issue with the Court.

### III.     Evidence Regarding Mobile Strike Force

Plaintiff also moves to exclude evidence that on October 31, 2008, Defendant Officers' were assigned to the Mobile Strike Force – a specialized unit in which officers patrol specific neighborhoods to address gang and gun violence. In particular, Plaintiff seeks to bar evidence improperly suggesting that Defendant Officers were members of an elite unit and possess special skills that other police officers do not have. Defendant Officers, on the other hand, maintain that being assigned to the Mobile Strike Force is relevant because it gives foundation and context involving the purpose of the officers' duties on the night of the incident. *See* Fed.R.Evid. 401; *United States v. Canady,* 578 F.3d 665, 670-71 (7th Cir. 2009) ("Rule 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence ... more probable or less probable than it would be without the evidence'"). The Court agrees. Defendant Officers further maintain that they will not belabor the point that they worked for this unit. Accordingly, the Court denies Plaintiff's motion in limine #3.

### IV.     Evidence that the Incident Took Place in High Crime Area

In her motion in limine #4, Plaintiff argues that the Court should bar evidence regarding the fact that the October 31, 2008 incident took place in a high crime area. One of Plaintiff's claims is that Defendant Officers falsely arrested Van Allen on October 31, 2008 and it is well-established that the existence of probable cause to arrest a suspect defeats a Fourth Amendment false arrest claim. *See Sroga v. Weiglen,* 649 F.3d 604, 608 (7th Cir. 2011). To determine whether Defendant Officers had probable cause to arrest Van Allen, the jury must examine whether the officers used common sense judgment based on a totality of the circumstances, *see Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010), including whether Van Allen was in a high crime neighborhood. *See United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000). As such, references to the area where Defendant Officers arrested Van Allen will provide the jury with context. The Court therefore denies Plaintiff's motion in limine #4.